### WALKER v. SIMONS et al.

No. 2683.

Court of Civil Appeals of Texas. Waco.

Sept. 19, 1946.

Rehearing Denied Oct. 24, 1946.

Fitzpatrick & Dunnam, of Waco, for appellant.

Conway & Scharff, of Waco, for appellees.

HALE, Justice.

This suit involves 3.47 acres of land. A correct disposition of the appeal turns upon whether the competent evidence adduced in the trial court tendered one or more of the controlling issues of fact raised by the pleadings. If so, the judgment appealed from should be reversed; but if not, the judgment should be affirmed.

It appears that R. L. Betz acquired 63 acres of land, more or less, including the 3.47 acres here in controversy, in seven small tracts from various persons on sundry dates. On January 10, 1934, he and his wife executed a deed of trust covering the 63 acres for the purpose of securing the payment of a note to the Land Bank Commissioner in the sum of $1,800. Thereafter, on November 6, 1940, Betz, and wife conveyed a portion of such lands, "being estimated as 62 acres, more or less," to C. S. Simons in consideration of $3,000, Simons paying $1,920 in cash and assuming the balance of $1,080 then owing to the Land Bank Commissioner. On January 4, 1943, Simons and wife and Citizens State Bank of Calvert conveyed the same

lands, "being estimated as 62 acres, more or less," to appellant in consideration of $3,000, appellant paying $2,165.59 in cash and assuming the balance of $834.41 then owing to the Land Bank Commissioner. On October 6, 1945, Betz and wife conveyed 1.66 acres out of the 3.47 acres here involved to E. G. Black and wife for a recited consideration of one dollar and love and affection.

Appellant sued Betz, Simons, Black, their wives and Citizens State Bank of Calvert for recovery of the 3.47 acres, grounding his suit upon three counts, viz.: (1) a statutory action in trespass to try title; (2) an action to cancel the deed from Betz to Black dated October 6, 1945, and to reform the two deeds from Simons, his wife and the bank to appellant dated January 4, 1943, and from Betz and wife to Simons dated November 6, 1940, respectively, so as expressly to include in the fieldnotes thereof the 3.47 acres in controversy, alleging as grounds therefor that it was the intention of the parties in the execution of each of these two deeds to include such land in said deeds and to include therein all of the lands originally owned by Betz, except one acre as described in the pleading; and (3) for removal of the cloud cast upon his title by the filing of the deed from Betz to Black and for damages in the sum of $750 on account of such alleged slander of his title. The bank filed a disclaimer and each of the other defendants answered jointly with various pleas.

The case was tried before a jury. Upon the conclusion of appellant's evidence Betz, Simons, Black and their wives presented their joint motion wherein they moved the court generally to instruct the jury to return a verdict in their favor. This motion was granted, the jury was so instructed and judgment was rendered and entered that appellant take nothing. Under appropriate points in his brief appellant says the trial court thereby committed reversible error.

■ It is elemental that when a case is tried before a jury the duty rests upon the trial judge to submit to the jury for its determination all ultimate controlling issues of fact raised by the pleadings and

tendered by the evidence. It is only when there is no evidence tendering an issue essential to recovery, or when the evidence as a whole relating to one or more of the controlling issues is without any substantial dispute and is such that reasonable minds may not differ in the ultimate conclusions of fact to be drawn therefrom, that the trial judge is authorized to withdraw a case from the jurors or to direct their verdict.

Upon the trial of this case appellant introduced in evidence general warranty deeds showing the above-mentioned conveyances. He also introduced in evidence a written instrument dated January 4, 1943 (being the same date as the deed to him), signed by Betz and Simons and their wives. This instrument recited in substance that whereas, on January 10, 1934, R. L. Betz and wife were the owners of approximately 63 acres of land as fully described in a certain deed of trust to the Land Bank Commissioner; and whereas, Betz and wife thereafter conveyed to Simons approximately 62 acres of said land, "reserving to themselves and out of the tract of land they owned and not conveyed to C. S. Simons approximately one (1) acre of land, more or less, out of the south portion of said 63 acres of land, more or less, which tract reserved to and not conveyed by R. L. Betz and wife, Mary Betz, lies immediately west and adjoining new highway No. 44 and out of the south portion of said approximately 63 acres of land, on which reserved tract is a well, windmill, elevated tank," etc.; and whereas, Simons and wife have agreed with appellant for a consideration of $3,000 to convey to him the 62 acres theretofore conveyed to them by Betz and wife and also the windmill and tank located "upon the reserved tract now owned by R. L. Betz and wife, Mary Betz, and also the right to use water from the well located on said reserved tract, with the right of ingress and egress for said purposes"; therefore, "in consideration of said sum of $3,000 paid by R. J. Walker, which sum inures to the benefit of all the grantors herein, we" bargain, sell and convey to appellant the windmill, tank, etc., and the right to use water from the well "in connection with and as a part of approxi-

mately 62 acres of land this day conveyed to R. J. Walker by deed naming as grantors C. S. Simons and wife, Hattie Simons, and the Citizens State Bank of Calvert, Texas," and concluding with a habendum clause unto appellant with covenants of general warranty.

Appellant testified in substance that during the late fall of 1942 he had heard the Simons land was for sale and he thought he knew where the same was located; when he went to the place he had in mind he found Mrs. Betz there and she told him the land he was looking for was over near Rosenthal and that she and her husband had traded the same to Simons; he asked Mrs. Betz on that occasion where the land was situated and whether it was all under fence and she told him where the land lay and that it was all under one fence but that she and Mr. Betz had reserved approximately one acre where the house and windmill stood when they traded the land to Simons. He also testified that Mrs. Betz told him the windmill and tank went to Simons but they reserved the house and one acre of ground and conveyed all of the land under fence to Simons except the one acre they had reserved. He further testified that he found the land as described to him by Mrs. Betz, looked it over and liked it pretty well; that the house, well and windmill were situated on a small tract of approximately one acre which was fenced off from the remainder of the land; that the remainder of the land, including the 3.47 acres here in controversy, was enclosed within one fence; that he later got in contact with Simons, who also told him he (Simons) owned all of the land under fence except the one acre which Betz and wife had reserved; that he believed and relied upon the statements so made to him by Mrs. Betz and by Mr. Simons and would not have bought the land but for their statements to the effect that all of the land under fence would be conveyed to him except the one acre; that shortly after the transaction was closed he went into possession of all the land under fence, including the 3.47 acres here involved, and has continued such possession since that time.

The fieldnotes in the deed dated November 6, 1940, from Betz and wife to Simons are unusually long and complicated by reason of the fact that they are based upon the several separate conveyances to Betz. The attorney who examined the title for appellant testified in detail concerning his difficulties in attempting to determine the location and acreage of the land therein described. He also testified that he advised appellant to have the land surveyed but upon the statement made by Mrs. Betz in his presence and in the presence of Mr. and Mrs. Simons that the land to be conveyed to appellant included all of the lands under fence except the one acre which Mr. and Mrs. Betz had reserved in their deed to Simons, appellant accepted the title without requiring such survey to be made. The fieldnotes in the deed dated January 4, 1943, from Simons and wife to appellant are the same as those contained in the deed dated November 6, 1940, from Betz and wife to Simons.

In our opinion the evidence to which we have referred, when viewed in its most favorable light from appellant's standpoint, tended to show that it was the intention of the parties to the two deeds dated November 6, 1940, and January 4, 1943, respectively, to include in the fieldnotes thereof all of the lands under fence and originally owned by Betz, except approximately one acre on which the house, well and windmill were situated, and hence was sufficient to carry those pleaded issues to the jury. If in fact such was the true intention of the parties to each deed and if by mutual mistake of such parties the fieldnotes in each deed were so drawn as inadvertently to omit therefrom the 3.47 acres of land here in controversy, then we think appellant would be entitled to a reformation of said deeds unless by competent evidence appellees should establish some defense to the cause of action thus asserted against them.

Because we have concluded that the trial court erred in peremptorily instructing the jury, the judgment appealed from is reversed and the cause is remanded.